UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PEDRO VASQUEZ,**<br><br>         **Plaintiff,**<br><br>    v.<br><br>**ALLIED WASTE, INC.,**<br><br>         **Defendant.** | Case No.: **4:13-CV-05608 YGR**<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S UNTIMELY DEMAND FOR JURY TRIAL** |

Plaintiff Pedro Vazquez brings this action against Defendant Allied Waste, Inc. for harassment and discrimination under Title VII of the Civil Rights Act of 1964.

Now before the Court is Defendant's Motion to Strike Plaintiff's Untimely Demand for Jury Trial. (Dkt. No. 19.) Having carefully considered the parties' arguments on the papers, and for the reasons set forth below, the Court hereby **DENIES** Defendant's motion.[1]

**I.   BACKGROUND**

On October 22, 2013, Plaintiff filed this action in Contra Costa County Superior Court, asserting claims for harassment and discrimination under 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981a.  In his initial complaint, Plaintiff did not make a jury demand.  (*See* Dkt. No. 1 at Ex. A.)

On December 4, 2013, Defendant removed this action from state court, asserting federal question jurisdiction under 28 U.S.C. section 1331.  (Dkt. No. 1.)  On that same day, Defendant served Plaintiff's counsel with the removal papers, including Defendant's notice of removal and all exhibits.  (Dkt. Nos. 1-3, 1-6.)

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court determined this motion suitable for resolution without oral argument.

1 On January 17, 2014, Plaintiff served his First Amended Complaint ("FAC"), wherein he
2 asserted a jury demand for the first time. (Dkt. No. 17 at 1, 8.) On January 31, 2014, Defendant
3 filed its answer to the FAC. (Dkt. No. 18.) Defendant seeks to strike the jury demand pursuant to
4 Rule 81(c)(3)(B), arguing that Plaintiff should have served his demand within fourteen days of
5 Defendant's notice of removal.

## II. ANALYSIS

"In the federal courts, the timeliness of a jury trial demand is judged by its relationship to the pleadings and the issues raised in them. Federal Rule 38(b)(1) requires that a demand for a jury trial of any issue be served within [14] days after service of the 'last pleading directed to the issue.'"[2] 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2320, at 232 (3d ed. 2008) (hereinafter "WRIGHT & MILLER"). Federal Rule of Civil Procedure 7(a) defines a "pleading" as a complaint, answer to a complaint, or if the court so orders, a reply to an answer. Fed. R. Civ. P. 7(a)(1), (2), (7). "To satisfy the requirements of Rule 38(b)(1), if the only pleadings in the case are the complaint and the answer, the demand for jury trial must be served not later than [14] days after service of the answer." WRIGHT & MILLER § 2320, at 236.

Federal Rule of Civil Procedure Rule 81(c) provides a separate deadline for jury demands in removed actions where "all necessary *pleadings* have been served at the time of removal." Fed. R. Civ. P. 81(c) (emphasis supplied). Under Rule 81(c), a fourteen-day deadline for demanding a jury is triggered by the date of filing or service of a party's notice of removal. *Id.* However, Rule 81(c) only applies where all "necessary pleadings" have been served prior to removal. If no responsive pleading has been filed prior to removal, Rule 38 applies. *Mondor v. United States Dist. Court*, 910 F.2d 585, 586 (9th Cir. 1990) (citing *Lewis v. Time, Inc.*, 710 F.2d 549, 556 (9th Cir. 1983)) ("Rule 38(b) applies to jury demands in removed actions where responsive pleadings have not been filed prior to removal.").

Here, Plaintiff's jury demand was timely. Because the case was removed from state court before Defendant served its responsive pleading, Rule 81(c) does not apply. *See Mondor*, 910 F.2d

---

[2] Federal Rules 81(c) and 38(b) now provide plaintiffs fourteen days after service of an answer to demand a jury trial. *See* Fed. R. Civ. P. 38 Notes of Advisory Committee on 2009 Amendments ("The times set in the former rule at 10 days have been revised to 14 days.").

at 586 ("Rule 81(c) provides that Rule 38(b) applies to jury demands in removed actions where responsive pleadings have not been filed prior to removal."). Rather, Rule 38 applies and Plaintiff could have timely demanded a jury trial up until fourteen days after "the last pleading directed to the issue" – in this case, Defendant's answer. *See* Fed. R. Civ. P. 38; *see also Lutz v. Glendale Union High School Dist. No. 205*, 403 F.3d 1061, 1063 (9th Cir. 2005) (where a "[defendant] ha[s] not filed its answer before it removed the case, [Plaintiff is] entitled to demand a jury trial at any time until [14] days after she was served with the answer") (citing *Pac. Fisheries Corp v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 n.2 (9th Cir. 2001); *Wave House Belmont Park, LLC v. Travelers Prop. Cas. Co.*, 244 F.R.D. 608, 609 n.4 (S.D. Cal. 2007) ("Where the defendant does not answer the complaint before removal, the plaintiff may demand a jury trial within [14] days of service of the *answer*.") (emphasis in original).

Defendant's motion is based on a failure to apply the appropriate rule of federal civil procedure. (*See* Dkt. No. 21 at 4 (Defendant's argument that Plaintiff was required to file its jury demand "no later than 14 days after Defendant's Notice of Removal, pursuant to Rule 81(c)(3)(B).").) A notice of removal is not a pleading and therefore does not trigger the Rule 38(b)(1) deadline. Thus, the date upon which Defendant served its Notice of Removal is of no relevance in this context.

Accordingly, the Court hereby **DENIES** the Defendant's Motion to Strike.

This terminates Docket No. 19.

**IT IS SO ORDERED**.

Date: **Monday, March 24, 2014**

                              **YVONNE GONZALEZ ROGERS**
                              **UNITED STATES DISTRICT COURT JUDGE**

3